FILED BY _____ D.C.

05 OCT 11 AM 10:00

THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

    Cv. No. 00-3157-(G)D
    Cr. No. 97-20256-(G)

CALVIN SCOTT,

    Defendant.

ORDER TO DOCKET MOTION AS NEW CASE
AND
ORDER TRANSFERRING MOTION UNDER 28 U.S.C. § 2244(b)(3)
TO SIXTH CIRCUIT COURT OF APPEALS

Defendant, Calvin Scott, Bureau of Prisons (BOP) registration number 15375-076, an inmate at the Federal Correctional Institution (FCI) in Beaumont, Texas, has filed an irregular pro se motion in this civil matter, in which judgment was entered dismissing his case on April 23, 2003.

On August 29, 1995, a federal grand jury returned a one-count indictment against Scott and fifteen co-defendants, charging them with conspiracy to possess in excess of five kilograms of cocaine with the intent to distribute, in violation of 21 U.S.C. § 846. On September 27, 1995, a federal grand jury returned a fourteen count superseding indictment against Scott and fifteen co-defendants. Scott was named only in count one of the superseding indictment, which charged him with conspiracy to possess in excess of five

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 10-18-05



kilograms of cocaine with the intent to distribute, in violation of 21 U.S.C. § 846.

On May 29, 1997, a federal grand jury returned a twelve-count superseding indictment against Scott and seven co-defendants. Scott was named only in count one of the indictment, which charged him with conspiring to unlawfully possess in excess of five kilograms of cocaine with the intent to distribute and to distribution of over five kilograms of cocaine, in violation of 21 U.S.C. § 846.

Scott proceeded to trial before United States District Judge Julia Gibbons on November 17, 1997. A jury was empaneled; however, proceedings beyond jury selection were halted. On November 18, 1997, Scott entered a guilty plea pursuant to a plea agreement.[1]

---

[1] The plea agreement provided as follows:

(1) The defendant agrees to enter a plea of guilty to an information charging him with aiding and abetting Claude Haywood, Gregory Cox and Keithon Robinson in the possession with intent to distribute two kilograms of cocaine, on or about August 15, 1995, in violation of 21 U.S.C. § 841(a)(1) and (2).

(2) Pursuant to Fed. R. Crim. P. 11(e)(1)(C), the parties hereto agree that regarding the information to which the defendant is pleading guilty, his sentence shall be computed based upon the two kilograms of cocaine charged in the information. The parties further agree that the district court may accept or reject this provision of the plea agreement but in the event that the district court does not accept this provision of the plea agreement then the defendant may, at his option, withdraw his guilty plea pursuant to Fed. R. Cri. P. 11(e)(4) and proceed to trial.

(3) The United States agrees that regarding the information to which the defendant is pleading guilty, it will not file a notice of statutory enhancement pursuant to 21 U.S.C. § 851.

(4) Regarding the information to which the defendant is pleading guilty, the United States also agrees that if the defendant comes within the scope of United States Sentencing Guidelines (U.S.S.G.) § 3E1.1 (Acceptance of Responsibility) it will request that the defendant receive an appropriate

Scott was scheduled for sentencing on April 14, 1998; however, he failed to appear. Approximately one week after defendant's missed court appearance, Memphis Police Sergeants Howell Starnes and Richard Borgers were investigating defendant's whereabouts, when Starnes saw him exiting a building. Scott resisted arrest and attempted to flee, but was ultimately apprehended.

On May 22, 1998, the day of the rescheduled sentencing hearing, Scott filed a motion to withdraw his guilty plea based upon the recommendation in the presentence investigation report (PSR) that his sentence be enhanced for his managerial role in the offense and the lack of any recommendation in the PSR that an adjustment for acceptance of responsibility be granted. Defendant contended that recommendations of imposition of the enhancement and lack of a reduction for acceptance of responsibility violated the plea agreement.

Judge Gibbons conducted the sentencing hearing, denied defendant's motion to withdraw his plea, and sentenced defendant to

---

reduction for acceptance of responsibility.

(5) The parties agree that the trial in <u>United States v. Calvin Scott</u>, Cr. No. 95-20212-G, shall be adjourned pending sentencing in the information to which the defendant is pleading guilty. Following sentencing of the defendant upon the charges contained in the information, the United States will dismiss the indictment against the defendant in <u>United States v. Calvin Scott</u>, Cr. No. 95-20212-G.

(6) Regarding the information to which the defendant is pleading guilty, the United States agrees that pursuant to Fed. R. Crim. P. 11(e)(1)(B), it will recommend to the district court that the defendant be sentenced to the low end of the applicable guideline range, as determined by the court at sentencing. The parties agree that this recommendation shall not be binding upon the district court.

3

292 months imprisonment, along with a four-year term of supervised release. In sentencing the defendant, the court determined that: (1) the sentence enhancement pursuant to U.S.S.G. § 3B1.1(b) was warranted for defendant's managerial role; (2) the application of the reckless endangerment enhancement, pursuant to U.S.S.G. § 3C1.2, was justified because Scott created a significant risk of an accidental weapon discharge when he tried to break free of Sergeant Starnes' grasp; (3) the obstruction of justice enhancement, under U.S.S.G. § 3C1.1, applied because Scott failed to appear for sentencing; and (4) a reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, was not applicable because Scott failed to appear at his sentencing hearing and fled police. The court entered its judgment on June 9, 1998.

Defendant appealed. Defendant contended that the court erred in imposing an upward sentence adjustment pursuant to U.S.S.G. § 3B1.1(b); erred in enhancing his sentence under U.S.S.G. § 3C1.2; and erred in denying a downward adjustment pursuant to U.S.S.G. § 3E1.1. Additionally, defendant contended that the imposition of the reckless endangerment and obstruction of justice sentence enhancements in addition to the court's denial of a downward adjustment for acceptance of responsibility violated the Double Jeopardy Clause. Defendant also contended that the court erred in denying his motion to withdraw his guilty plea because the plea agreement had been breached by the government's failure to object to the enhancement pursuant to U.S.S.G. § 3B1.1(b) and by failing to recommend a downward adjustment for acceptance of responsibility

pursuant to U.S.S.G. 3E1.1. Lastly, defendant contended the court breached the plea agreement by sentencing him as a career offender pursuant to U.S.S.G. § 4B1.1 and holding him accountable for more than two kilograms of cocaine. The Sixth Circuit Court of Appeals affirmed defendant's conviction and sentence. United States v. Scott, No. 98-5792, 1999 WL 701899 (6th Cir. Sept. 2, 1999). Defendant filed a motion for en banc rehearing which was denied on December 2, 1999. The Sixth Circuit issued its second and final mandate on December 10, 1999.

On December 6, 2000, Scott filed this § 2255 motion and supplemental motion alleging numerous grounds which Judge Gibbons construed as follows:

1. Counsel provided ineffective assistance which rendered Scott's guilty plea invalid by:

    A) advising Scott that the plea agreement set a specific sentence, specific base offense level, and no enhancement as a career offender;

    B) by failing to properly object to the imposition of the career offender enhancement at sentencing; and

2. Scott's drug trafficking conviction should be reversed under the holding of Apprendi v. New Jersey, 530 U.S. 466 (2000).

Judge Gibbons held that Scott's argument that his plea agreement was breached was without merit and not supported by the record. The Court further determined that counsel was not ineffective and that the rule in Apprendi did not apply retroactively to cases on collateral review. (Docket entry 9) Scott filed a timely Rule 59 motion which was denied on April 17, 2003. Scott appealed. On August 21, 2003, the Court of Appeals denied

5

Scott's application for a certificate of appealability. <u>Scott v. United States</u>, No. 03-5410 (6th Cir. Aug. 21, 2003). On April 7, 2004, the United States Supreme Court denied Scott's petition for a writ of certiorari. <u>Scott v. United States</u>, No. 03-8982 (April 7, 2004).

On July 19, 2005, defendant filed this irregular motion, styled as a motion for reconsideration of judgment denying § 2255 motion pursuant to Fed. R. Civ. P. 60(b). Scott contends the Court's order of dismissal "rests on a defective foundation because of error, irregularities and procedural defects." He further contends that the Court "offered piles of rhetoric."

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, Title I, § 102, 110 Stat. 1220 (Apr. 24, 1996), amended 28 U.S.C. §§ 2244(b) and 2255 to preclude the filing of any subsequent § 2255 motion absent permission from the Court of Appeals for the Circuit in which the district court is located. Under <u>In re Sonshine</u>, 132 F.3d 1133, 1135 (6th Cir. 1997), the AEDPA amendments bar a prisoner from filing a second § 2255 motion unless those amendments would have an impermissibly retroactive effect on a claim for relief under § 2255. Under <u>In re Sims</u>, 111 F.3d 45, 47 (6th Cir. 1997), "when a second or successive . . . § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." <u>Id.</u>

Although Scott contends that his motion is brought pursuant to Fed. R. Civ. P. 60(b), neither the Rules Governing Section 2255

6

Proceedings for the United States District Courts nor the Federal Rules of Civil Procedure prescribe a motion for reconsideration.[2] To the extent that the Court applies the Federal Rules in construing Scott's filing as a motion under Rule 60 seeking to set aside the judgment denying relief under § 2255, his motion is untimely. Fed. R. Civ. P. 60(b) provides that, to the extent such a motion is allowable, it shall not be brought more than one year after the judgment, order, or proceeding was entered or taken. More importantly, however,

> a post-judgment motion under Fed. R. Civ. P. 60(b) in the district court . . . is a "second or successive" application for purposes of 2244(b). . . . Otherwise the statute would be ineffectual. Instead of meeting the requirements of § 2244(b), the petitioner would restyle his request as a motion for reconsideration in the initial collateral attack and proceed as if the AEDPA did not exist.

Burris v. Parke, 130 F.3d 782, 783 (7th Cir. 1997)(holding that a motion to recall a mandate denying a state prisoner habeas petition under 28 U.S.C. § 2254 is the "functional equivalent of a second or successive petition for habeas corpus" and must be evaluated under § 2244(b)). See also Ruiz v. Norris, 104 F.3d 163, 164 (8th Cir.

---

[2] The Federal Rules of Civil Procedure are only applicable to § 2255 cases insofar as the Court deems appropriate. See Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts. The Rule states:

> If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules, or any applicable statute, and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate, to motions filed under these rules.

> To the extent that the AEDPA limitations on successive motions supersede the § 2255 Rules, of course, the statute controls.

7

1997)(same); Mathenia v. Delo, 99 F.3d 1476, 1480 (8th Cir. 1986)(in pre-AEDPA case, a Rule 60 motion was properly construed as a second petition for habeas relief only reviewable under successive petition standards); United States v. Stanley Anderson, Misc. No. 97-26-G (W.D. Tenn. July 29, 1997)(transferring motion to set aside dismissal of § 2255 motion to appellate court under Sims), on review under § 2244(b), In re Anderson, No. 97-0585 (6th Cir. Feb. 6, 1998)(denying motion for permission to file successive motion). Cf. Alexander v. United States, 121 F.3d 312, 313-14 (7th Cir. 1997)(denying leave to mount fourth collateral challenge to federal criminal conviction and holding that "[r]ejected justifications may not be reiterated in a successive motion for leave to file."). Scott's attempt to set aside the judgment in his original § 2255 proceeding must be construed as a successive application.

Under Sims, the Court construes the successive motion as a request for certification of a successive motion. Accordingly, it is hereby ordered pursuant to Sims and 28 U.S.C. § 1631 that the Clerk of Court docket the motion (docket entry 15) as a new case and transfer it to the United States Court of Appeals for the Sixth Circuit. The Clerk shall place a copy of this order in that case as well as case no. 00-3157-(G)D.

The Clerk of Court is ORDERED not to accept for filing any further documents in the new case or this case, however captioned or described, unless directed to do so by an order from the United States Court of Appeals for the Sixth Circuit. This case is being transferred to that appellate court, and the defendant must obtain

8

relief from that court to pursue any further attacks on his conviction here.

IT IS SO ORDERED this  9th  day of October, 2005.

*/s/ Bernice B. Donald*
BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 25 in case 2:00-CV-03157 was distributed by fax, mail, or direct printing on October 18, 2005 to the parties listed.

---

Thomas A. Colthurst
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Jeffrey M. Brandt
ROBINSON & BRANDT, P.S.C.
11331 Grooms Rd.
Ste. 3000
Cincinnati, OH 45242

Honorable Bernice Donald
US DISTRICT COURT